IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Teresa M. Lightle, et al.,          :

        PlaintiffS,                 :

    v.                          :      Case No. 2:16-cv-151

                                 :      JUDGE MICHAEL H. WATSON
Fanatics Retail Fulfillment              Magistrate Judge Kemp
Group, Inc., et al.,                :

        Defendants.                 :

<u>OPINION AND ORDER</u>

    This case was brought by plaintiff Teresa M. Lightle, individually and as the administrator of the estate of her late husband, Charles Shane Lightle.  Ms. Lightle believes that she is entitled to $500,000.00 in life and accidental death and dismemberment insurance proceeds which she believes were payable upon his death.  She filed this action in state court, not to assert a claim to the insurance providers, however, but in order to obtain discovery of facts relating to her claim.  There are two motions under consideration at this time; a motion by defendant, Sun Life Administrators (U.S.) ("Sun Life") for leave to file an answer and affirmative defenses to plaintiff's complaint (Doc. 14) and Ms. Lightle's motion to enforce judgment and alternative motion to amend complaint (Doc. 18).  While these motions are now ripe for consideration, the Court is not convinced that it has jurisdiction over this matter, and the defendants will be ordered to show cause why this case should not be remanded to the Muskingum County Court of Common Pleas.

I.  Background

This case was originally filed by Ms. Lightle in the Muskingum County Court of Common Pleas ("Muskingum County") as a Verified Complaint (Petition) for Order Requiring Pre-Filing Discovery With Attached Discovery Requests.  The discovery she seeks relates to the question of whether Mr. Lightle's employer provided him with certain notices about his insurance when he stopped working.  Ms. Lightle's claims relate to a group of insurance policies that Mr. Lightle held through his employer, defendant Fanatics Retail Group Fulfillment, Inc.  Mr. Lightle was employed by Fanatics from approximately April 8, 2013 until November 13, 2013, and was insured under two Sun Life insurance policies.  The policies had an effective date of October 1, 2012, and an amended effective date of June 1, 2013.  Mr. Lightle's employee benefit package, including the policies, became effective on July 7, 2013. The policies provided for monetary payouts to Mr. Lightle's beneficiaries upon his death in an amount totaling $500,000.

Mr. Lightle passed away on December 20, 2013.  Ms. Lightle subsequently made a claim for the insurance policy death benefit proceeds.  Sun Life, which administered the claim, denied the claim on the basis that Mr. Lightle had not converted the employee group policies to individual policies within the permitted time frame after the termination of his employment with Fanatics.  Ms. Lightle alleges Fanatics should not have terminated the insurance policies because Fanatics, in violation of federal and state law, failed to provide notice of Mr. Lightle's right to convert his group life insurance into an individual policy at the termination of his employment.  She argues that she also has other potential causes of action against

2

the defendants, including breach of contract, and wishes to
pursue an action to recover the $500,000 in proceeds under the
policies.  As noted, her action for discovery is focused on the
notice, if any, Fanatics gave Mr. Lightle when his employment
ended.

## II.  Discussion

Subject-matter jurisdiction can never be waived or
forfeited.  Courts are obligated to consider *sua sponte* subject-
matter jurisdictional issues that the parties have disclaimed or
have not presented.  See United States v. Cotton, 535 U.S. 625,
630 (2002).  The objections to subject matter jurisdiction may be
resurrected at any point in the litigation, and a valid objection
may lead a court midway through briefing to dismiss a complaint
in its entirety.  Failure to raise lack of subject-matter
jurisdiction in a timely manner means that "many months of work
on the part of the attorneys and the court may be wasted."
Henderson v. Shinseki, 562 U.S. 428, 435 (2011).  Thus, it is
imperative that the issue be raised and determined conclusively
at the earliest possible juncture.

This matter was originally brought before Muskingum County
as a petition for pre-filing discovery pursuant to Ohio
R.Civ.Proc. 34(D), which provides that "[s]ubject to the scope of
discovery provisions of Civ.R. 26(B) and 45(F), a person who
claims to have a potential cause of action may file a petition to
obtain discovery as provided in this rule.  Prior to filing a
petition for discovery, the person seeking discovery shall make
reasonable efforts to obtain voluntarily the information from the
person from whom the discovery is sought...."  Ms. Lightle has
done so and was successful in obtaining an Order from Muskingum
County on January 15, 2016 granting permission to perform pre-

3

filing discovery for a period of 90 days.  (Doc. 18-1).

After being served with the Petition, Sun Life removed the case to this Court on February 18, 2016, on the grounds of federal question jurisdiction.  Sun Life correctly points out that Ms. Lightle's claim for benefits and for clarification of her right to proceeds of Mr. Lightle's insurance policies are governed by ERISA.  However, it seems to the Court that the Muskingum County had not progressed to the point where such claim had been made at the time Sun Life submitted its notice. Muskingum County had only granted the petition for pre-filing discovery.  Ohio Courts have held that "[a] petition for pre-complaint discovery brought pursuant to Civ.R. 34(D) is an independent action, separate and distinct from the yet to be filed action for which the discovery is sought." Lieberman v. Screen Mach. Advertising Specialties & Screen Print Design, 1997 WL 52923 (Franklin Cty. Ct. of Appeals February 4, 1997); see also National City Bank, Northeast v. Amedia, 118 Ohio App.3d 542 (Summit Cty. 1997) ("[I]n the context of a statutory action for discovery, a trial court order compelling provision of the requested discovery determines the action and prevents judgment in favor of the party contesting discoverability"). Id. at 545. It would be unusual to conclude that ERISA also pre-empts, and supplies a rule of decision for, such an action.  The Court's research has not uncovered any cases which so hold, and that raises serious concerns about whether the removal of the action was proper.  That is why defendants are being asked to brief the issue.

### III.  Conclusion

Based on the foregoing, the defendants are directed to show cause within twenty-one days from the issuance of this Order why

4

this action should not be remanded to the Muskingum County Court of Common Pleas for lack of jurisdiction.


/s/ Terence P. Kemp
United States Magistrate Judge